IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REGINALD SMALLER            :     CIVIL ACTION
                                          :
     v.                                  :     No. 12-1960
                                          :
BERKS COUNTY, et al.           :

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                              **August 13, 2013**

        Pro se Plaintiff Reginald Smaller brings claims under 42 U.S.C. § 1983 seeking damages for, *inter alia*, inadequate medical care he received while imprisoned at Berks County Jail following an assault by fellow inmates. Smaller alleges Defendants Nurse Jessie Kirsch (misidentified in the Complaint as Jerry Kilsh) and Doctor "Jane Doe" (Dr. Doe) violated his Eighth Amendment rights by showing deliberate indifference to his medical needs.[1] Kirsch and Dr. Doe have filed a motion to dismiss Smaller's claims against them for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), to which Smaller has not responded. For the reasons set forth below, Kirsch and Dr. Doe's motion will be granted, and Smaller's Complaint will be dismissed as to his claims against Kirsch and Dr. Doe with leave to file an amended complaint as to those claims.

---

[1] In his Complaint, Smaller also asserts claims arising from the assault against Defendants Berks County, Berks County Jail Warden George Wagner, Deputy Warden Janeen Quigley, and three "John Doe" correctional officers for violating his Eighth Amendment rights by maintaining inadequate policies and procedures, failing to abate an excessive risk of harm to Smaller's safety, and failing to protect him. These Defendants filed an answer to the Complaint. Defendant Berks County Jail System was dismissed pursuant to 28 U.S.C. § 1915(e) because a prison is not a "person" subject to suit under the civil rights laws. *See Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

**FACTS**[2]

At some point prior to May 2, 2010, Smaller was transferred from the State Correctional Institute at Frackville (SCI-Frackville) to the Berks County Jail due to overcrowding at SCI-Frackville. On May 3, 2010, at approximately 7:15 p.m., Smaller and two other inmates were ambushed on a stairwell by approximately fifteen inmates. Smaller sustained stab wounds below the left eye, four puncture stab wounds to the back, a damaged left eardrum, a bruised left eye, lacerations to both wrists, multiple swollen abrasions, and a concussion. Smaller was carried unconscious to his cell by fellow inmates. The next day, May 4, 2013, Smaller reported the incident to prison officials and was thereafter escorted to the medical facility where he saw Kirsch, the nurse on duty. Kirsch evaluated Smaller's injuries and prescribed antibacterial cream to be applied twice daily for the lacerations and stab wounds, four Motrin, four Tylenol, and an eardrop medication, but did not think an X-ray or MRI was necessary. Over the next couple of days, Smaller experienced vomiting, severe headaches, dizziness, and nasal bleeding. During this time, Smaller submitted sick-call slips asking to be seen by the doctor at his home jail, SCI-Frackville, or by an outside hospital, and to have a more thorough examination.

On May 10, 2010, Smaller again saw Kirsch, who told him he was suffering symptoms of a concussion. When Smaller requested to be seen by someone from SCI-Frackville, Kirsch told him, "[d]ue to my medical experience, I don't think that I am missing anything," but put him on the list to see a doctor two days later, on Wednesday May 12. Compl. ¶ 22. Smaller explained he did not feel comfortable going to sleep with the headaches, but Kirsch assured him he would be fine until Wednesday, as long as he took the medication she gave him. On May 12, 2010,

---

[2] In evaluating the motion to dismiss, the Court accepts the factual allegations in Smaller's Complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Only the factual allegations concerning Smaller's claims against Kirsch and Dr. Doe are recited herein.

2

Smaller was seen by Dr. Jane Doe, who evaluated him and explained that his symptoms would eventually go away with time. Dr. Doe told Smaller she did not believe he had a skull fracture, so he did not need any X-rays or MRIs. Dr. Doe also stated, "I don't want to expose you to radiation, so I'm going to add for you to take two muscle relaxers with your other medication." *Id.* ¶ 23. Smaller again asked to be seen by SCI-Frackville medical personnel, which request was denied. Smaller received some relief from the medication provided by Kirsch and Dr. Doe. His nasal bleeding and vomiting stopped, and he regained his appetite, but he still experienced headaches and dizziness. Smaller continued to submit sick-call slips, "but was told that nothing else could be done, and he would have to give it time to work itself out." *Id.* ¶ 24.

On May 17, 2010, Smaller wrote a letter to SCI-Frackville, and on May 20, 2010, SCI-Frackville staff came to Berks County Jail to meet with Smaller. Smaller was transferred with two other inmates back to SCI-Frackville on May 21, 2010, where he was scheduled to receive an X-ray and eye exam.

Smaller commenced this action on April 13, 2012. He alleges Kirsch and Dr. Doe violated his Eighth Amendment rights by exhibiting deliberate indifference to his medical needs. Kirsch and Dr. Doe filed a motion to dismiss the Complaint on March 8, 2013, and an amended motion to dismiss on March 11. Smaller has not responded to either filing.

**DISCUSSION**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a Rule 12(b)(6) motion, a court first must separate

the legal and factual elements of the plaintiff's claims.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  *Id.* at 210-11.  The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

To state an Eighth Amendment cruel and unusual punishment claim for failure to provide adequate medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A medical need could be considered serious if the prisoner experiences "extreme pain and real possibility of permanent injury."  *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).  "For conduct to rise to the level of deliberate indifference, [a] plaintiff must demonstrate 'an unnecessary and wanton infliction of pain' which is 'repugnant to the conscience of mankind' and 'offend[s] evolving standards of decency.'"  *McCabe v. Prison Health Servs.*, 117 F. Supp. 2d 443, 450 (E.D. Pa. 1997) (quoting *Estelle*, 429 U.S. at 105-06).  Deliberate indifference to health and safety is characterized by "something more than mere negligence," but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  Deliberate indifference is equivalent to recklessly disregarding a substantial risk of serious harm.  *Id.* at 836.

The Third Circuit has recognized a number of situations in which deliberate indifference may be found in the context of medical treatment, "including where prison officials deny reasonable requests for medical treatment and such denial exposes the inmate to undue suffering or the threat of tangible residual injury; where knowledge of the need for medical care is accompanied by the intentional refusal to provide that care; and when prison authorities prevent

an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment." *Velasquez v. DiGuglielmo*, No. 09-517, 2012 WL 4510775, at *16 (E.D. Pa. Sept. 28, 2012) (quoting *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346-47 (3d Cir. 1987)) (internal quotation marks, alterations, and citations omitted). Allegations of malpractice or "mere disagreement as to the proper medical treatment," are insufficient to state an Eighth Amendment claim. *Lanzaro*, 834 F.2d at 346. The United States Supreme Court has cited a medical decision not to order an X-ray or similar test as a classic example of a medical judgment that, although possibly medically negligent, does not constitute deliberate indifference. *Estelle*, 429 U.S. at 107.

Here, assuming Smaller had a serious medical need, his allegations regarding Kirsch's and Doe's acts or omissions do not rise to the level of deliberate indifference necessary to support his claim. Kirsch saw and treated Smaller the same day he reported his injuries; thus, there was no delay in providing medical care. During his first medical evaluation, Smaller was diagnosed with a concussion and received pain medicine for his concussion symptoms, eardrop medication for his damaged ear drum, and antibacterial ointment for his lacerations. Smaller continued to experience symptoms of his injuries, and sought a follow up visit. Kirsch saw Smaller again six days after his first examination, and she determined his symptoms were normal, he was not at risk of further harm, and should continue to take the medicine she prescribed for his symptoms. Dr. Doe examined Smaller two days later and determined he did not need an X-ray or MRI, and prescribed him additional medication to mitigate his symptoms and discomfort. *Compare Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (affirming 12(b)(6) dismissal where complaint alleged medical staff promptly examined and reexamined plaintiff's back injury, provided treatment including pain medicine, a walking cane, an Ace

5

bandage, an X-ray, and a cortisone injection because plaintiff's allegations of deliberate indifference merely amounted to a disagreement as to proper treatment) *with White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990) (reversing 12(b)(6) dismissal where plaintiffs alleged (1) the doctor intended to inflict pain on prisoners without medical justification, and (2) the doctor, in numerous instances, "insisted on continuing courses of treatment that the doctor knew were painful, ineffective or entailed substantial risk of serious harm to the prisoners"). Smaller's allegations amount to no more than a disagreement with Kirsch's and Dr. Doe's treatment decisions. He does not allege Kirsch or Dr. Doe denied him medical care or denied reasonable requests for certain treatments that led to unnecessary suffering.

Although over the course of his treatment by Kirsch and Dr. Doe, Smaller requested to be seen by doctors from SCI-Frackville, he does not allege Kirsch and Dr. Doe were not competent to treat his injuries or that the doctors from SCI-Frackville were equipped with specialized knowledge of his injuries not possessed by Kirsch and Doe. Even if this were the case, however, such allegations would still be insufficient to plead deliberate indifference because Smaller has not alleged the refusal to have him evaluated by physicians with specialized knowledge was done with a "culpable state of mind." *Fantone v. Herbik*, No. 13-1644, 2013 WL 2564429, at *3 (3d Cir. June 12, 2013) (noting allegations of a failure to send a prisoner to a specialist without demonstrating a culpable state of mind are simply allegations of negligence insufficient to show deliberate indifference).

Because Smaller has not adequately alleged a violation of his constitutional rights, Kirsch and Doe's motion to dismiss will be granted. When dismissing a pro se civil rights complaint, a district court must provide the plaintiff leave to amend his complaint, "even if the plaintiff does not request it, unless amendment would be futile or leave to amend is not warranted for some

other reason." *Tate v. Morris Cnty. Prosecutors Office*, 284 F. App'x 877, 879 (3d Cir. 2008). Accordingly, Smaller's claims against Kirsch and Doe will be dismissed without prejudice and Smaller will be given until September 16, 2013, to file an amended complaint as to Jessie Kirsch and Dr. Jane Doe only.[3]  Failure to file the amended complaint by September 16, 2013, will result in dismissal of all claims against Kirsch and Dr. Doe with prejudice.

An appropriate order follows.

                                        BY THE COURT:


                                         /s/ Juan R. Sánchez
                                        Juan R. Sánchez

---

[3] Because Defendants Berks County, Berks County Jail Warden George Wagner, Deputy Warden Janeen Quigley, and three "John Doe" correctional officers filed an answer to the Complaint, Smaller need not amend his Complaint as to these Defendants.